

Todd Blanche
Deputy Attorney General of the United States
Tyler H.L. Tornabene
Assistant United States Attorney
Lily K. Hollibaugh
Law Clerk
United States Attorney's Office
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 835 6303

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL STAFFORD,<br><br>Defendant. | Case No.: 2:25-PO-00150-JAG<br><br>ORDER APPROVING UNSUPERVISED PRETRIAL DIVERSION AGREEMENT AND CONTINUING THE CASE |

The Court, having read and considered the parties' Unsupervised Pretrial Diversion Agreement (the "Agreement"), and being fully advised of the facts and circumstances of this case, makes the following findings of fact:

1.    Defendant has agreed to comply with the terms and conditions of the Agreement.

2.    Defendant has acknowledged that the facts as set forth in the Factual Basis of the Agreement are true and constitute a sufficient factual basis to support judicial findings of guilt on the charged violation, without further factual inquiry.

//

Order Approving Unsupervised Pretrial Diversion Agreement - 1

3.    Defendant's statements have been made knowingly and voluntarily.

4.    Defendant has knowingly and intelligently waived the constitutional and statutory rights set forth in the Agreement.

THEREFORE, GOOD CAUSE HAVING BEEN SHOWN, THE COURT ORDERS THE FOLLOWING:

1.    The Court ACCEPTS and APPROVES the Agreement without making any conclusions regarding the Factual Basis at this time.  The Agreement will be entered on the Court's docket as of the date of this Order.

2.    The Court ACCEPTS and APPROVES Defendant engaging in unsupervised pretrial diversion from the date of entry of this Order for twelve months from the date of entry of this Agreement onto the Court's docket, pursuant to the terms of the Agreement.

3.    Defendant shall comply with all the terms and conditions set forth in the Agreement.

4.    If, within fifteen months of the entry of the Agreement onto the Court's docket, the United States moves to revoke the Agreement or to alter its terms based on an allegation(s) that Defendant violated any term of this Agreement, the Court may, upon a finding that Defendant did violate the Agreement, alter the terms of the agreement or revoke Defendant's diversion, enter judgment, and proceed to sentencing on the offense charged in the Violation Notice without any further factual inquiry into the offense.

5.    All hearings in this case are continued to the first Petty Offense docket in Spokane, Washington, that takes place more than twelve months from the entry of the Agreement onto the Court's docket. If Defendant complies with the terms of the Agreement, the Court will entertain an unopposed motion to dismiss the case without prejudice, fifteen months after the entry of the Agreement onto the Court's

Order Approving Unsupervised Pretrial Diversion Agreement - 2

docket, without a hearing. If the United States alleges that Defendant has failed to comply with the terms of the Agreement prior to that date, the Court will conduct a hearing on the alleged violation of the Agreement, within a reasonable time.

_____     April 21, 2026
Hon. James A. Goeke                   Date
United States Magistrate Judge

Order Approving Unsupervised Pretrial Diversion Agreement - 3